**Michael Vergamini, OSB #04520**
399 East 10th Ave., Suite 207
Eugene, OR 97401
Telephone (541) 302-1800
Fax (541) 302-1801
mdvergamini@efn.org

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JUSTIN TYLER VANDEGRAAF**, | Case No: 6:08-CV-6314 |
| Plaintiff, | **AMENDED COMPLAINT** |
| v. | (42 U.S.C. § 1983 Unreasonable Search and Seizure, Excessive Force; Assault; Battery; Failure to properly train and supervise) |
| **CITY OF EUGENE, A MUNICIPALITY**; Officer J. Sharlow (No. 388), in his Individual capacity and as a police official for the city of Eugene | |
| | JURY TRIAL REQUESTED |
| Defendants. | |

### JURISDICTIONAL ALLEGATIONS

1.

This claim arises under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution, and pendent state common and statutory laws. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1988, and 28 U.S.C. § 1343(a)(3). This Court has jurisdiction over the state law claims pursuant to the doctrine of pendent jurisdiction.

FIRST AMENDED COMPLAINT

2.

Costs and attorney fees may be awarded pursuant to the Civil Rights Act as amended, 42 U.S.C. § 1988.

## ALLEGATIONS OF STATUS

3.

At all times material herein, Plaintiff Justin Tyler VandeGraaf was a citizen of the United States residing in the City of Eugene located in Lane County, Oregon.

4.

At all times material herein Defendant City of Eugene is a municipal corporation of the State of Oregon charged with an responsible for appointing and promoting, through the Mayor of Eugene and the City Council, the members of the Eugene Police Department and its personnel. At all relevant times Defendant City of Eugene had the power, right and duty to control the manner in which employees carried out the objectives of their employment, and to see that all orders, rules, training, instructions and regulations promulgated for the Eugene Police Department were consistent with State and Federal Constitutions, Statutes, and the laws of the municipality.

5.

At all times material herein Defendant, Officer J. Sharlow, is an officer of the Eugene Police Department and an employee of the City of Eugene. The acts of defendant Sharlow, which are the subject of this lawsuit, were undertaken in the regular course of his employment for Defendant municipality. He is sued both individually and in his individual capacity. Upon information and belief, Defendant Sharlow is a resident of Lane County, Oregon.

6.

At all times material herein, Defendant Sharlow was acting in their official and individual capacities and within the course and scope of his employment.

**FACTUAL ALLEGATIONS**

7.

On October 10, 2006, Plaintiff was arrested for Assault and Interfering with Making a Police Report. Plaintiff was intoxicated at the time and was taken into custody by officer Sharlow in his official capacity as a police officer of the Eugene Police.

8.

Plaintiff was transported to the carport entrance of the Lane County Jail where he was told to exit the vehicle prior to being admitted to the jail. There were no other Eugene Police or Sheriffs Deputies present and Plaintiff's hands were cuffed behind his back.

9.

Still intoxicated, Plaintiff was marched from the vehicle toward the jail entrance. Before reaching the entrance, Defendant Sharlow kicked Plaintiff's feet out from under him and Plaintiff fell face first to the concrete.

10.

Sheriff's deputies and the nurse for the jail arrived to assist and assess injuries. It was determined that the injuries were severe enough that Plaintiff could not be admitted to the jail. Plaintiff was helped to his feet by the nurse who ordered that he be taken to the hospital.

///

///

11.

Plaintiff was then transported to the hospital where his chin was x-rayed for factures and sutured. Mandibular fractures were noticed by the treating physician the next morning and Plaintiff was returned to the hospital where surgery was scheduled two days later.

12.

Plaintiff endured pain and suffering for several months and was deprived of the full use of his jaw while his jaw healed following the oral surgery.

13.

A timely tort claims notice was filed with the Oregon Department of Administrative Services pursuant to ORS § 30.275.

**FIRST CLAIM FOR RELIEF**

(Section 1983; Excessive Use of Force)

14.

Plaintiff re-alleges and reincorporates paragraphs 1 through 12 above.

15.

Defendant City of Eugene's Supervisors and Officers failed to sufficiently train Defendant Officer Sharlow so that police officers of the City of Eugene would comply with the Constitutional rights of Plaintiff. The action of Defendant Supervisors showed a callous or reckless disregard for the rights of Plaintiff.

///

///

///

16.

Defendants' wrongful actions described herein violated Plaintiffs' right to be free from unreasonable and excessive use of force guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution.

17.

Plaintiff is entitled to all remedies provided by 42 U.S.C. § 1983.

18.

As a direct and proximate result of Defendants' wrongful actions, Plaintiff suffered severe and traumatic physical and mental injury including but not limited to physical injuries to the jaw, head and face, post traumatic stress, anxiety, fear for personal safety, and depression as a result of chronic pain.

19.

As a further result of Defendants' wrongful actions, Plaintiff has incurred medical expenses in the amount of $10,000.00 or, in the alternative, an amount to be subsequently amended or proven at trial.

20.

As a further result of Defendants' wrongful actions, Plaintiff is entitled to recover reasonable costs and attorney fees incurred herein.

21.

The actions of the City of Eugene's Municipal Police Department's Supervisors and Officer Sherlow acting in his individual capacity was malicious or reckless in disregard of the rights of Plaintiff and punitive damages in an amount to be determined by a jury should be

awarded against Defendants to punish Defendants form wrongdoing and to prevent Defendants and others from acting in a similar manner in the future.

**SECOND CLAIM FOR RELIEF**

**(Assault)**

22.

Plaintiff re-alleges and reincorporates paragraphs 1 through 12 above.

23.

Defendants intentionally attempted to cause Plaintiff physical harm and intentionally took the actions described herein with the purpose of causing Plaintiff fear that he would suffer bodily harm.

**THIRD CLAIM FOR RELIEF**

**(Battery)**

24.

Plaintiff re-alleges and reincorporates paragraphs 1 through 12 above.

25.

Defendants intentionally caused harmful and offensive contact with Plaintiff.

WHEREFORE, Plaintiff prays for damages as follows:

1. Economic Damages for the resulting medical treatment in the amount of $20,000.00 or in an amount to be subsequently amended or determined at trial;

2. Non-Economic damages for physical pain and suffering in the amount of $50,000.00;

3. Non-Economic Damages for emotional pain and suffering in the amount of $50,000.00;

4. Punitive Damages in an amount to be determined at the time of trial;

5. Reasonable costs and attorney fees incurred herein;

6. All remedies provided by section 1983; and

7. Such other equitable relief as the Court deems reasonable and proper.

DATED this 9th day of January, 2009.

Respectfully Submitted,

/s/ Michael Vergamini

_____

Michael Vergamini, OSB 04520
399 East 10th Avenue, Ste 207
Eugene, Oregon 97401
(541) 302-1800
mdvergamini@efn.org
Attorney for Plaintiff

FIRST AMENDED COMPLAINT