**Michael Vergamini, OSB #04520**
Attorney at Law
399 East 10th Avenue, Ste 109
Eugene, Oregon 97401
(541) 302-1800
(541) 302-1801
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JUSTIN TYLER VANDEGRAAF,** | Case No.: 6:08-cv-6314-HO |
| Plaintiff, | **MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BY** |
| vs. | |
| **CITY OF EUGENE, A MUNICIPALITY; OFFICER J. SHARLOWW (No. 388), in his individual capacity and as a police official for the City of Eugene,** | |
| Defendants. | |

There is a genuine question of material fact as to whether Officer Sharlow's use of force was (a) in a "combative situation" as Defendant alleges in their memorandum [p.2]; (b) whether it was justified; and (c) whether there was an assault and battery that took place that was not incident to any force used in the arrest of Plaintiff.

Page 1 – **MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

SUMMARY OF MATERIAL FACTS

The material facts are stated in Plaintiff's Concise Statement of Facts and the City of Eugene's Concise Statement of Facts.

On October 10, 2006, Eugene Police Officers Sharlow and Vreim responded to a 911 call from Plaintiff's girlfriend Tiffanie Jones. Ms. Jones claimed that the Plaintiff had thrown and broken her cell phone and shoved her as he was leaving the apartment while intoxicated. The officers found plaintiff passed out at his car in a parking lot in front of his apartment, awakened and arrested him. Officer Sharlow transported plaintiff to the Lane County Jail.

Once inside the protection of the Sally port, the recollection of officer Sharlow and that of the plaintiff markedly differ. Plaintiff who was handcuffed was asked to step out of the car, which he did. Immediately upon standing, Officer Sharlow threw plaintiff to the ground by kicking his feet out from underneath him. Plaintiff, who has handcuffed and unable to protect himself, hit the cement face first. His last memory before losing consciousness was Officer Sharlow's boot coming down on the back of his head. Plaintiff suffered a broken jaw, which was fractured in three places, and a severe laceration to the chin. This lawsuit alleges that Officer Sharlow committed an assault and battery that was not merely excessive, but outside the scope of any necessary action by the Eugene Police.

///

///

///

Page 2 – **MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## ARGUMENT

<u>The State Claims of Assault and Battery Should Not Be Dismissed as a Matter of Law</u>.

There is a genuine question of material fact for the trier of fact as to whether Officer Sharlow committed an act intending to cause harmful or offensive contact that was not justified under ORS 161.235. Defendant claims that a police officer is immune from claims for assault and battery "in connection with an arrest if the force used was justified." [Defendant's Memorandum, p. 10]. This is not, however, what ORS 161.235 states. The statute grants immunity to a peace officer:

> "…only when and to the extent that the police officer reasonably believes it necessary for self defense…from what the police officer reasonably believes to be the use or imminent use of physical force while making or attempting to make an arrest or while preventing or attempting to prevent an escape." ORS 161.235.

In this case, plaintiff was not attempting to escape and Plaintiff had already been arrested and was being transported, while handcuffed behind his back, to the jail door within the walled security of the sally port.

There is a genuine question of material fact as to whether Officer Sharlow's use of force was reasonable. Not only do material questions of fact emerge from differing recollections of events between plaintiff and Officer Sharlow, they also emerge from inconsistent statements made by Officer Sharlow himself.

In Officer Sharlow's declaration, he asserts that plaintiff spun around to face him and tried to push him backward. Sharlow Dec. ¶ 17. Yet, in Officer Sharlow's deposition, Sharlow states that plaintiff did not face him and that he had both hands on plaintiff's back the entire time when plaintiff allegedly pushed backward. This fact is material. If plaintiff was facing Officer

Page 3 – **MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Sharlow with his hands handcuffed behind his back, how did he push Officer Sharlow? How did plaintiff spin around and face Officer Sharlow, Sharlow Dec. ¶ 17, while officer Sharlow was holding plaintiff against the car with both hands on him the entire time, while plaintiff's back was to Officer Sharlow and while Officer Sharlow did not release plaintiff before throwing plaintiff to the ground? Sharlow deposition. 20: 6-24; 23: 8-21; 24: 2-4.

Plaintiff recalls Officer Sharlow placing his hands on plaintiff's chest and sweeping his feet out from under him once he got out of the car. Vandegraaf Depo 124:22-25; 125: 1-8. Without revealing in detail plaintiff's theory of the case in relation to the facts, it is sufficient to point out that determining which of these accounts is accurate is critical to determining how plaintiff fell and at what point in the sequence of events plaintiff was thrown, which, in turn, will reveal whether plaintiff did attempt to attack Officer Sharlow while handcuffed in the sally port as asserted by Officer Sharlow.

A further material fact to determining whether there was a battery, is whether as plaintiff alleges, officer Sharlow followed his act of throwing plaintiff to the ground by kicking or pressing his boot against the back of plaintiff's head. Plaintiff testified this occurred in his deposition. Officer Sharlow is silent on this fact and the assertion, at this point in time, remains uncontroverted:

```
 3.      Q.    So what happened after you were taken to
 4.   the ground?
 5.      A.    After I was taken to the ground I had a
 6.   boot hit me right here.  My head was forced into the
 7.   pavement with more pressure than I would assume
 8.   needed.  I'm not sure, you know.
 9.             And I don't remember anything after that
10.   until I woke up in the jail the following morning.
11.   I'm not even sure of the time.  It seemed like it
12.   was later morning.
```

Page 4 – **MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

[Vandegraaf Depo 79:3-12]

24.      Q.    What do you think—so you think you were
25.  knocked out?

1.       A.    I was.
2.       Q.    What knocked you out?  Do you know?
3.  Hitting your head on the ground or the boot on your
4.  head?
5.       A.    Well, the boot on the head is the last I
6.  remember, so it must have been that.

[Vandegraaf Depo  79: 25; 80: 6].

There is, moreover, plenty of conflicting evidence as to whether the force used by Officer Sharlow was justified:

15.      Q.    Did you lunge at officer Sharlow and hit
16.  him with your chest?
17.      A.    No.

[Vandegraaf deposition, 66: 15-17]

22.      Q.    Did you hit Officer Sharlow with any part of your body?
23.      A.    No.
24.      Q.    Did you stumble and make contact with him?

[Vandegraaf deposition, 66: 22-24]

1.       A.    No.
2.       Q.    At some point did Officer Sharlow turn you
3.  around an put your chest on the police car?
4.       A.    No.

[Vandegraaf deposition, 67: 1-4]

10.      Q.    Did Officer Sharlow ever tell you to stop resisting?
11.      A.    No.

[Vandegraaf deposition, 67: 10-12]

Page 5 – **MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

If the trier of fact should determine that plaintiff was thrown to the cement while handcuffed without reasonable justification, then Officer Sharlow's conduct may constitute an assault and battery. If, as plaintiff alleges, the trier of fact should determine that Officer Sharlow followed with a boot to the head rendering plaintiff unconscious for a period of time, then there is certainly a genuine issue of material fact as to whether such an act constitutes a battery not justified by any use of force incident to the arrest. *See, e.g., Cook v. Kinzua Pine Mills Co.*, 207 Or 34, 293 P.2d 717 (1956)(an "assault" is an attempt with force or violence to do corporal injury to another from malice or wantonness or is an intentional attempt to do violence to another's person, coupled with present ability to carry intention into effect; requisite intent in charge of assault and battery is to do violence and personal injury to the person assaulted); *Harris v. Pameco Corp.*, 170 Or.App. 164, 12 P.3d 524, 2000 ("Battery" is a voluntary act that is intended to cause the resulting harmful or offensive contact). Even when a person has the right to use force to accomplish a legitimate purpose, a defendant may be liable when the force is used is excessive under the circumstances. *See, e.g., Smith v. Fields Chevrolet*, 239 Or 233, 396 P.2d 200 (1964)(person in control of public business ejecting a patron); *Rich v. Cooper*, 234 Or 300, 308, 380 P.2d 613 (1963)(officer making arrest).

The use of force that is excessive under the circumstances in this case presents significant questions of material fact that must be determined by the trier of fact, which, in turn, must be evaluated based on evidence of the nature of the injury and the consistency and credibility of the testimony. Federal Rule Civ. Pro. 56(c) authorizes summary judgment if there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law. *Far West Federal Bank v. Directors, OTS*, 787 F. Supp. 952, 957 (D Or 1992). First,

Page 6 – **MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

summary judgment is only appropriate when there are no disputed issues of "material fact." A "material" fact is a fact "relevant to an element of a claim or defense whose existence might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc*. 477 US 242, 248, 106 S Ct 2505, 91 L Ed2d 202 (1986). Second, the substantive law governing the claim determines whether it is material. *T.W. Elec. Service v. Pacific Elec. Contractors*, 809 F.2d 626, 630 (9th Cir 1987). The standard for determining whether a fact is genuine is whether a reasonable jury could return a verdict for the nonmoving party. *Hanon v. Dataproducts Corp*., 976 F2d 497, 500 (9th Cir 1992)(citing *Anderson v. Liberty Lobby, Inc*. 477 US 242, 248, 106 S Ct 2505, 91 L Ed2d 202 (1986)). In the case at bar,

As to the first, the question of whether Plaintiff was thrown to the ground and physically harmed without justification is a material question of fact that is a relevant element in the claim of battery. *Cook v. Kinzua Pine Mills Co.*, 207 Or 34, 48-49, 293 P.2d 717 (1956)(battery is a voluntary act that causes intentionally harmful or offensive contact with another). The question of whether Officer Sharlow intended to do violence to the plaintiff, coupled with the ability to carry the intention into effect, is a material question of fact that is a relevant element in the claim of assault. *Cook v. Kinzua, supra.* As to the second, a reasonable jury could return a verdict for the nonmoving party if it is determined by the trier of fact that plaintiff was thrown to the ground and physically harmed without justification and/or that defendant unjustifiably intended to do violence to the plaintiff and had the ability to carry that intention into effect. *Anderson v. Liberty Lobby, Inc., supra.*

Finally, Defendant City of Eugene, has not overcome the initial burden of establishing the absence of a genuine issue with respect to the material facts. *Glacier Optical, Inc. v. Optique*

*Du Monde, Ltd.*, 816 F Supp 646, 650 (D Or 1993)("the initial burden is on the moving party to point out the absence of any genuine issue of material fact"). Defendants argument for summary judgment on the state law claims is that "Officer Sharlow believed using a defensive maneuver to take plaintiff to the ground was necessary under the circumstances." [Defendant's Memorandum, p. 11]. What Officer Sharlow believed is immaterial. Although there is a presumption that he acted in good faith, the question is whether his belief was reasonable under the circumstances and there is a genuine question of material fact as to whether Officer Sharlow's fear for his safety of a handcuffed prisoner in the sally port of the Lane County was, indeed, reasonable under the circumstances. Plaintiff's testimony is that he "was not uncooperative," that he "had not been difficult" and that he "was not going to be difficult." Vandegraaf depo. 70: 17-18; 71: 13-14. The standard under ORS 161.235 is an objective reasonableness standard, which codifies longstanding case law in Oregon. *See, e.g., Scibor v. Oregon-Washington R. & Nav. Co.* 70 Or. 116, 140 P. 629 (1914)(an instruction that the standard as to the amount of force an officer may use in making an arrest is the conduct of ordinarily prudent men under the existing circumstances is not error).

There is a genuine issue of material fact not only to as to what occurred, but whether the force used was reasonable under the circumstances, depending on what occurred. If a trier of fact determines that it was not, then Defendant City of Eugene does not have immunity against a state tort battery and assault claim under ORS 161.235. Moreover, Defendant has not demonstrated that the force used against plaintiff was no more than reasonably necessary than needed to accomplish the purpose of diffusing "a potentially combative situation" [Defendant's Memorandum, p. 12], if, indeed, there was a potentially combative situation. Defendant cannot,

Page 8 – **MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

therefore, establish that the use of force was reasonable as a matter of law. Whether the use of force was reasonable and therefore justified depends on genuine material facts in dispute.

Dated this 26th day of August, 2009.

      /s/ Michael Vergamini
     Michael Vergamini
     Attorney for Plaintiff

Page 9 – **MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## CERTIFICATE OF SERVICE

I certify that on September 3, 2009, I served or caused to be served a true and complete copy of the foregoing **MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** on the party or parties listed below as follows:

| | |
|---|---|
| __X__ | Via CM / ECF Filing |
| _____ | Via First Class Mail, Postage Prepaid |
| _____ | Via Email |
| _____ | Via Personal Delivery |

        Jens Schmidt, OSB #843417
        Harrang Long Gary Rudnick P.C.
        360 East 10th Avenue, Suite 300
        Eugene, OR 97401-3273
        Telephone:   (541) 485-0220
        Facsimile:    (541) 686-6564
        Of Attorneys for Defendants

By:   /s/ Michael Vergamini_____
       Michael Vergamini
       Attorney at Law
       399 East 10th Avenue, Ste 109
       Eugene, Oregon 97401
       (541) 302-1800
       (541) 302-1801

       Attorney for Plaintiff